UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANCISCO YATES,                           :        Case No. 3:10-cv-438
                                           :
          Plaintiff,                       :        Judge Timothy S. Black
                                           :
vs.                                        :
                                           :
ALLSTATE INSURANCE CO.,                    :
                                           :
          Defendant.                       :

## ORDER DENYING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER (DOC. 25)

Before the Court is Defendant Allstate Insurance Company ("Allstate")'s Motion

for Protective Order. (Doc. 25). Allstate seeks a protective order limiting the scope of

the deposition of Carla Cornecelli, a former Allstate claims adjuster who considered

Plaintiff's claim for medical payments coverage. (Doc. 25). Plaintiff filed a

Memorandum Contra Allstate's Motion (Doc. 27), and Allstate filed a Reply (Doc. 28).

Allstate's Motion is now ripe.

This case arises as the result of injuries Plaintiff allegedly suffered in an auto

accident. At the time of the accident, Allstate insured Plaintiff with medical payments

coverage in the amount of $5,000. After the accident, Plaintiff was treated by Dayton

Chiropractic, d/b/a Northside Chiropractic ("Northside"), and Allstate denied payment of

Plaintiff's medical bills for such treatment. Plaintiff alleges that Allstate maintained the

duty "to fully and fairly investigate and evaluate Plaintiff's claims without prejudging the

claims[,]" and that Allstate breached that duty, "thus acting in bad faith." (Doc. 19).[1]

---

[1] Plaintiff subsequently dismissed a breach of contract claim after the Court, without an expression of
opposition from Plaintiff, bifurcated the contract and bad faith claims.

On August 19, 2011, Plaintiff noticed the deposition Ms. Cornecelli. (Doc. 24). Allstate seeks a protective order requesting that the Court limit the scope of Ms. Cornecelli's deposition to preclude inquiry of Ms. Cornecelli's involvement in and knowledge of Allstate's fraud investigation of Chiropractic Strategies Group, Inc. ("CSG"), a Texas corporation that provided management services to a number of chiropractic clinics throughout the United States, including Northside. (Doc. 25).

According to Allstate, the fraud investigation of CSG resulted in Allstate filing suit against CSG, Northside and other "related individuals and entities" in the United States District Court for the Northern District of Texas ("Texas case"). In the Texas case, Allstate asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("R.I.C.O."), and claims of common law fraud and conspiracy. (*Id.*) That litigation is currently set for trial and, according to Allstate, Ms. Cornecelli has already been deposed in that case and answered questions regarding her "role in investigation and handling of claims related to CSG managed clinics and other relevant/related matters." (*Id.*)

With regard to Ms. Cornecelli's deposition in this case, Allstate sets forth the conclusory assertion that Ms. Cornecelli's anticipated testimony regarding the fraud investigation includes information privileged pursuant to the attorney-client privilege and/or the work product doctrine. Plaintiff argues that Ms. Cornecelli's knowledge of the fraud investigation goes to the very issue presented in the lawsuit, *i.e.*, whether Allstate denial of coverage was the result of some prejudgment unrelated to Plaintiff's treatment with Northside. (Doc. 27).

-2-

Allstate's Reply Memorandum makes no mention of privilege. Instead, Allstate addresses the issue of relevance by acknowledging that "Ms. Cornecelli's personal knowledge of any such investigation related specifically to [Northside] could be potentially relevant to this case." (Doc. 29). While conceding the potential relevance of Allstate's investigation of Northside, Allstate nevertheless seeks to prohibit any inquiry regarding Allstate's fraud investigation as it relates to "other independently incorporated chiropractic clinics and law firms who have no connection to Mr. Yates[.]" (Doc. 29).

In the Reply, Allstate also seeks to limit Ms. Cornecelli's deposition by asserting that "[u]ntil plaintiff's Memorandum Contra, there has never been an allegation or assertion [that] Allstate 'pre-judged' plaintiff's medical payments claim[.]"[2] (Doc. 29). Finally, Allstate argues that "Plaintiff's legal theory . . . is tenuous at best since his dismissal of the breach of contract claim" and that "[t]he tenuous nature of plaintiff's legal theory further warrants limitation" of Ms. Cornecelli's deposition. (*Id.*)

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]" Fed. R. Civ. P. 26(c)(1). A court may issue a protective order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* In issuing a protective

---

[2] The Court is unsettled by Allstate's inaccurate argument in this regard. The assertion that Allstate "pre-judged" Plaintiff's med-pay claim has been the basis of Plaintiff's bad faith claim throughout this case. Plaintiff's original Complaint, which Allstate selectively quotes in its Reply Memorandum, asserted that Allstate "has a duty of good faith which requires [Allstate] to fully and fairly investigate Plaintiff's claim without prejudging the claims made" and that Allstate "failed to fully and fairly investigate and evaluate the Plaintiff's medical claims, thus acting in bad faith." (Doc. 5). Further, Plaintiff's Motion to Amend Complaint specifically stated that "Allstate is alleged to have acted in bad faith in pre-judging the validity of the medical bills submitted herein." (Doc. 17). Finally, Plaintiff's Amended Complaint again asserts that Allstate "has a duty of good faith which requires [Allstate] to fully and fairly investigate Plaintiff's claim without prejudging the claims made" and that Allstate "failed to fully and fairly investigate and evaluate the Plaintiff's medical claims, thus acting in bad faith." (Doc. 19).

-3-

order, the court may forbid certain disclosures or discovery, or forbid "inquiry into certain matters, or [limit] the scope of disclosure or discovery to certain matters[.]" *Id.*

The burden of establishing good cause is upon the party seeking the protective order. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987)). The determination of whether good cause exists is within the sound discretion of the district court. *The Courier-Journal v. Marshall*, 828 F.2d 361, 364 (6th Cir. 1987).

With regard to seeking protective orders on the basis of privilege, the party asserting "privilege bears the burden of establishing the applicability of a privilege to the information sought[.]" *Doe v. Lexington-Fayette Urban Cnty Gov.t*, 407 F.3d 755, 766 (6th Cir. 2005) (citing *Harding v. Dana Transp., Inc.*, 914 F.Supp. 1084 (D.N.J. 1996)); *see also in re Rospatch Sec. Litig.*, Nos. 1:90-cv-805, 1:90-cv-806, 1:90-cv-807, 1:90-cv-85, 1991 WL 574963, at *5-7 (W.D. Mich. 1991); *Browning v. City of South Bend*, No. 2:09-cv-203, 2010 WL 3894223, at *1 (N.D. Ind. Sept. 30, 2010) (denying a protective order where movant "failed to satisfy this burden by showing which documents are protected by privilege, which privilege applies, and how the documents fit within the privilege"). Here, the nature of Ms. Cornecelli's testimony is unknown and not presently before the Court. In other words, Allstate has not met its burden of establishing the applicability of any privilege to any potential testimony of Ms. Cornecelli.

-4-

Thus, based on the information before the Court at this time, the Court cannot conclude that any privilege attaches to any portion of Ms. Cornecelli's testimony, and the Court declines to issue a broad order limiting Ms. Cornecelli's testimony based on Allstate's conclusory contentions. The Court notes that, based on Allstate's previous representation that Ms. Cornecelli was deposed in the Texas fraud case and testified regarding her role in investigating "and handling claims related to CSG managed clinics[,]" it is unclear why any privilege would now attach to such testimony., given the apparent waiver. Nevertheless, should privileged testimony be elicited at Ms. Cornecelli's deposition, Allstate retains the ability to object in good faith.

Further, insofar as Allstate seeks to limit questioning regarding Allstate's fraud investigation solely to the investigation of Northside, the Court declines to issue such a broad order. Counsel for Plaintiff, during an informal discovery conference with the Court on August 24, 2011, represented that he did not anticipate substantial inquiry, if any, into Ms. Cornecelli's knowledge of Allstate's investigation of clinics other than Northside. Further, the Court simply lacks sufficient information at this time to assess adequately whether certain testimony that may fall within the broad areas of inquiry Allstate seeks to preclude appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

Counsel for the parties will be in the best position to determine whether a specific area of inquiry during the deposition "appears reasonably calculated to lead to the discovery of admissible evidence[,]" and Counsel can object to such inquiry at that time.

Should the parties be unable to resolve extrajudicially a specific dispute that may arise during Ms. Cornecelli's deposition, that specific dispute can be tendered to the Court for resolution along with specific factual detail, background and argument.

Finally, the Court declines to limit Ms. Cornecelli's deposition pursuant to Allstate's belief that "Plaintiff's legal theory in this case is tenuous at best[.]" (*Id*). Allstate's argument in this regard apparently asserts that Plaintiff cannot prevail on a bad faith claim absent a determination that Plaintiff was entitled to coverage under the insurance contract, and here, Plaintiff dismissed his contract claim.

If Allstate views this issue as dispositive of Plaintiff's bad faith claim without the need for discovery, the issue should be presented in the form of an appropriate dispositive motion. Otherwise, the Court declines to limit Ms. Cornecelli's deposition on this basis. *See Poneris v. Pennsylvania Life Ins. Co.*, No. 1:06-cv-254, 2007 WL 3047238, at *2-3 (S.D. Ohio Oct. 18, 2007) (allowing "Plaintiff to seek discovery of evidence relevant to the bad faith claim even before the coverage claim has been established").

Accordingly, for the foregoing reasons, Allstate's Motion for Protective Order is **DENIED**.  (Doc. 25).

**IT IS SO ORDERED**.

Date: _9/8/11_

_Timothy S. Black_
Timothy S. Black
United States District Judge

-6-