UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FRANCISCO YATES, | Case No. 3:10-cv-438 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| ALLSTATE INSURANCE CO., | |
| Defendant. | |

**ORDER**

This civil case is before the Court on the Motion of Defendant Allstate Insurance Company ("Allstate") seeking to strike Plaintiff's expert witnesses as a result of Plaintiff's failure to comply with Fed. R. Civ. P. 26. (Doc. 37). Plaintiff filed a Memorandum Contra Allstate's Motion (Doc. 43) urging that the Court deny Allstate's Motion and allow the case to resolve on the merits because Allstate has failed to demonstrate any harm arising from Plaintiff's incomplete and untimely disclosure. Allstate filed a Reply Memorandum in Support of its Motion. (Doc. 46). The Motion is now ripe for the Court's consideration.

This case involves claims of bad faith that purportedly arises from an automobile accident involving Plaintiff. At the time of the accident, Allstate insured Plaintiff with medical payments coverage in the amount of $5,000. Plaintiff alleges that Allstate denied Plaintiff's claims for treatment at Dayton Chiropractic, d/b/a Northside Chiropractic ("Northside"), and that Allstate's conduct amounts to bad faith failure to fully and fairly investigate and evaluate Plaintiff's claim.

Upon the agreement of Counsel for the parties, the Court has extended the date for the disclosure of expert witnesses a number of times, most recently on February 3, 2012 when the Court ordered that primary expert witnesses be disclosed by February 21, 2012. (Doc. 36). Plaintiff did not provide any expert report on or before February 21, 2012. Instead, Plaintiff faxed an unsigned report purportedly authored by Dr. Brian Briggs, a chiropractor Plaintiff seeks to use as an expert at trial. In addition to the fact that the report authored by Dr. Briggs was unsigned, Allstate represents that Plaintiff failed to disclose any curriculum vitae, fee schedule or a list of prior testimony.

Thereafter, on March 5, 2012, Plaintiff faxed to Counsel for Allstate a report authored by Richard Hunt, an attorney Plaintiff seeks to use at trial on the issue of bad faith. According to Allstate, Attorney Hunt's report offers only "preliminary opinions," and was not accompanied by a curriculum vitae, fee schedule or list of prior testimony. Based on these deficiencies, Allstate seeks to strike Plaintiff's experts and to preclude their testimony at trial.

Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence" for expert testimony pursuant to Fed. R. Evid. 702, 703, or 705. Such disclosure:

> must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

-2-

>   (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
>   (ii) the facts or data considered by the witness in forming them;
>
>   (iii) any exhibits that will be used to summarize or support them;
>
>   (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
>   (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
>   (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

>   As set forth in Fed. R. Civ. P. 37(c)(1):
>
>   If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Sanctions under Fed. R. Civ. P. 37(b)(2)(A) include designating certain matters deemed established or admitted, prohibiting claims, striking pleadings, staying the proceedings until the offending party complies or dismissing the action.

Here, the Court is not impressed with the diligence of Plaintiff in meeting the disclosure requirements of Rule 26(a)(2). However, Allstate has not demonstrated any specific harm or prejudice that cannot be otherwise cured. Moreover, the Court's primary goal is to resolve cases on the merits. Accordingly, the Court **DENIES** Allstate's Motion to Strike Plaintiff's Experts. Instead of striking Plaintiff's Experts, the Court **ORDERS** as follows:

(1) Attorney Hunt's testimony in this case is limited to only those opinions set forth in the report faxed to Allstate's Counsel on March 5, 2012;

(2) Dr. Briggs' testimony in this case is limited to only those opinions set forth in the report faxed to Allstate's Counsel on February 22, 2012, and Plaintiff shall produce to Counsel for Allstate a signed copy of said report on or before close of business April 13, 2012;

(3) Plaintiff shall produce to Counsel for Allstate all other information required by Rule 26(a)(2) on or before close of business April 13, 2012; and

(4) Allstate's disclosure of rebuttal experts is extended to June 12, 2012.

The Court will not grant any additional requests for extension of time or requests for continuance absent exceptional circumstances.

**IT IS SO ORDERED.**

Date: 4/9/12

Timothy S. Black
United States District Judge

-4-